**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

KEYLA WATKINS,
    Plaintiff,

v.                                                       Case No: 8:13-cv-3020-T-24EAJ

POLK COUNTY SCHOOL READINESS
COALITION, INC.,
    Defendant.

_____

## ORDER

This cause comes before the Court on a Plaintiff Keyla Watkins' Motion for Remand (Dkt. 4) and Motion for Attorney's Fees on Remand (Dkt. 5). Defendant Polk County School Readiness Coalition, Inc. opposes both motions. (Dkt. 8.)

**I.  BACKGROUND**

    **A.  State Court Proceedings**

Plaintiff runs a daycare center and entered into a contract with Defendant to be a School Readiness Provider for the school year 2009-2010. Pursuant to the contract, Defendant would provide funding to Plaintiff. In March 2010, Defendant terminated Plaintiff's contract for services.

On May 5, 2010, Plaintiff filed a three-count complaint in the Circuit Court of the Tenth Judicial Circuit against Defendant for breach of contract, for denial of procedural and substantive due process; and for injunctive relief. On May 20, 2010, Defendant filed a waiver of service of process. A month later, Defendant filed an answer and affirmative defenses and a motion to strike Plaintiff's claim for attorney's fees.

Over the course of the next three years, the case was set for trial and continued on several occasions. On June 7, 2013, Defendant filed a motion for partial summary judgment, arguing that

Count 2 failed to state sufficient facts for a claim for a failure to allow due process of law. On June 11, 2013, Plaintiff filed a motion to amend a previously-filed pretrial statement, "indicat[ing] that Plaintiff is proceeding with her claims as set out in Counts 1 and 2 of her complaint: the Breach of Contract claim, and the Due Process (Sec. 1983) claim, and that she intends to seek attorney's fees as may be appropriate." (Dkt. 7-4 at 71.)

Defendant filed a motion for sanctions under Florida Statute § 57.105, making the same argument that it made in its motion to strike Plaintiff's attorney's fees claim—that Count 2 failed to allege a statutory or contractual basis to recover attorney's fees. On June 25, 2013, Plaintiff's counsel emailed Defendant's counsel regarding the sanctions motion. In his email, Plaintiff's counsel asserted that the complaint "asks for fees, in accordance with law." (Dkt. 4-8 at 2.) Specifically, it stated that if Plaintiff were to prevail on "the Due Process count, 42 USC §1983 . . . . § 1988 provides a statutory basis for attorney's fees, under law." (*Id.*) When Defendant's counsel did not respond, Plaintiff's counsel emailed again on July 12, 2013. Defendant's counsel and his assistant received, but did not respond to, these emails.[1]

On September 30, 2013, the trial court held a hearing on Defendant's motion for partial summary judgment and motion to strike the claim for attorney's fees. (Dkt. 7-5 at pp. 40-42.) On October 1, 2013, the trial court granted Defendant's partial summary judgment motion, stating:

> Count Two asserts a procedural and substantive due process claim. Plaintiff's counsel maintained at the hearing that Count Two constitutes a claim pursuant to 42 U.S.C. § 1983. However a Section 1983 claim was not asserted in Count Two. The statute was never referenced and the claim does not put the defendant on notice that a Section 1983 claim was intended to be pled. Therefore, the damages sought are not available to the plaintiff.

---

[1] The June 2013 and July 2013 emails were sent to the email addresses—"jsullivan@stidhamlawyers.com" and "yvonne@stidhamlawyers.com"—which were the email addresses designated for service under Rule 2.516 of the Florida Rules of Civil Procedure. (Dkt. 7-4 at p. 15.)

2

(Dkt. 7-5 at p. 40.)   On the same day, the trial court granted Defendant's motion to strike the attorney's fees claim:

> Counsel for the plaintiff asserted at the hearing that Count Two asserts a claim pursuant to 42 U.S.C. Section 1983.   First, Section 1983 was never referenced in the complaint. Second, Count Two does not state a Section 1983 claim as drafted.   There is no basis to award attorney [sic] fees under Count Two.

(Dkt. 7-5 at 42.)

On October 7, 2013, Plaintiff filed a motion for reconsideration and a motion to replead Count 2.   Plaintiff asserted that her original complaint, despite not naming the specific statute, sufficiently stated a cause of action under § 1983 by alleging denial of due process, and that her amended pretrial statement further made it clear that she was seeking damages for a procedural due process violation.   If the trial court disagreed, Plaintiff requested leave to file an amended complaint.   Plaintiff simultaneously filed a proposed amended complaint, which alleged an action for damages for the denial of due process under § 1983 and attorney's fees under § 1988.   (Dkt. 7-5 at p. 49.)

On October 15, 2013, the trial court held a hearing on Plaintiff's motion for reconsideration and motion to replead.   On October 24, 2013, the trial court entered an order granting Plaintiff's motions, vacating its order granting partial summary judgment as to count two, and granting Plaintiff twenty days to file an amended complaint to replead count two.

On October 30, 2013, Plaintiff filed her amended complaint.   Count two alleges an action for damages pursuant to § 1983 for violation of Plaintiff's procedural due process, and seeks attorney's fees pursuant to § 1988.

    **B.**    <u>**Removal**</u>

On November 27, 2013, Defendant filed a notice of removal in this Court.   The notice states that this court has jurisdiction under 28 U.S.C. § 1331 because the action arises under federal

law, and that removal is timely because the notice was filed within 30 days of October 30, 2013, the date that Plaintiff filed the amended complaint.

Two days later, Plaintiff moved to remand, arguing that removal was untimely because Defendant was aware of Plaintiff's federal claim well before the amended complaint was served on October 30, 2013.

## II. LEGAL STANDARD

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). A district court has original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The party seeking removal must present facts establishing its right to remove and has the burden of proving that federal jurisdiction exists by a preponderance of the evidence. *Friedman v. N.Y. Life Ins. Co.,* 410 F.3d 1350, 1353 (11th Cir. 2005). When the defendant fails to do so, the case must be remanded. *Williams v. Best Buy Co.,* 269 F.3d 1316, 1321 (11th Cir. 2001). In considering a motion to remand when the plaintiff and defendant disagree on issues of jurisdiction, questions or doubts are to be resolved in favor of returning the matter to state court. *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994).

## III. DISCUSSION

### A. Motion to Remand

Plaintiff argues that removal is untimely under 28 U.S.C. § 1446 because Defendant was aware of Plaintiff's federal claim well before the amended complaint was served on October 30, 2013. Plaintiff argues that Defendant was aware of her federal claim when Defendant was served with the original complaint on May 20, 2010, because her original complaint sufficiently stated a § 1983 claim. Alternatively, Plaintiff argues that Defendant was aware of the federal claim in

June and July 2013, when Plaintiff's counsel emailed Defendant's counsel and made it clear that count two of the complaint asserted a § 1983 claim.

In its opposition to remand, Defendant fails to respond to Plaintiff's argument that removal is untimely because Defendant should have been aware of the federal claim in June and July 2013. Rather, Defendant asserts that the federal claim was not apparent because the original complaint did not specifically identify § 1983, and that the action was not removable until Plaintiff filed the amended complaint that identified § 1983 as the basis for count two.

Removability may be ascertained from documents other than pleadings, such as motions, orders, or "other papers":

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). Although there is no single test for identifying "other paper," courts have held that many types of documents qualify. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 n.62 (11th Cir. 2007) (collecting cases to illustrate that numerous types of documents can qualify as "other paper").

Here, the procedural history of this case makes it clear that Defendant had notice of removability before the filing of the amended complaint on October 30, 2013. *See Estate of Davis v. DeKalb Cnty.*, 2013 WL 3336756, at *3 (N.D. Ga. July 3, 2013) (finding that, despite the complaint's failure to explicitly reference § 1983, the defendants had notice of removability given the case's procedural posture). Defendant had notice of removability in June 2013 and July 2013, when Plaintiff's counsel emailed Defendant's counsel to clarify that count two asserted a § 1983 claim. The email constitutes "other paper" that triggers the 30-day removal period. *Id.* (citing *Callahan v. Countrywide Home Loans, Inc.,* 2006 WL 1776747, at **3-4 (N.D. Fla. June 26, 2006)

5

(email from Plaintiff's counsel estimating damages)); *Wilson v. Target Corp.*, 2010 WL 3632794, at * 2 (S.D. Fla. Sept. 14, 2010) (any formal or informal communication received by a defendant). In asserting that the original complaint sufficiently alleged a § 1983 claim, the email put Defendant's counsel on notice of Plaintiff's federal claim, even if the original complaint did not explicitly reference § 1983. *See Davis*, 2013 WL 3336756, at *3.[2]

The state court record also shows that Defendant had notice of removability on multiple other occasions before October 30, 2013. Plaintiff's amended pretrial statement, filed on June 11, 2013, described count two as a "Sec. 1983" claim. Defendant again was given notice of removability on October 24, 2013, the date of the court granted Plaintiff's motion to file an amended complaint to adequately plead a § 1983 claim. *See Wood v. City of Lanett*, 564 F. Supp. 2d 1317, 1320 (M.D. Ala. 2008) (holding that the 30-day window began on the date that the state court granted the plaintiff's motion to amend to assert federal violations).

Defendant's notice of removal, filed November 27, 2013, is untimely under all accounts and therefore removal is untimely. Accordingly, Plaintiff's motion to remand is granted.

B. **Plaintiff's Motion for Attorney's Fees**

Plaintiff moves for an award of attorney's fees incurred as a result of removal under 28 U.S.C. § 1447(c). In providing a standard to guide the district courts in deciding whether to award fees upon remand because of improper removal, the Supreme Court held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,*

---

[2] The Court finds that the emails provided notice of removability even if Defendant's counsel did not respond to the emails. Plaintiff's counsel sent the emails to the email addresses designated by Defendant's counsel. Further, Defendant's response in opposition to remand does not dispute that Defendant's counsel received the emails.

546 U.S. 132, 136 (2005). Thus, when an objectively reasonable basis exists, fees should be denied. *Bauknight v. Monroe Cnty., Fla.*, 446 F.3d 1327, 1329 (11th Cir. 2006).

Here, Defendant relied on a flawed but not objectively unreasonable basis when it removed within thirty days of the amended complaint being filed, rather than within thirty days of the date that removability was first ascertainable in "other papers" and orders. Accordingly, Plaintiff's motion for attorney's fees is denied.

**IV. CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand (Dkt. 4) is GRANTED, and Plaintiff's Motion for Attorney's Fees (Dkt. 5) is DENIED. The Clerk of the Court is directed to **REMAND** this action to state court and to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 23rd day of January, 2014.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies To: Counsel of Record

7